THE STATE OF MISSOURI, Respondent, *v.* VIRGIL CREECH, Appellant.

#### March 7, 1876.

A pardon for one offense is no ground for discharge from indictment for a separate and distinct offense, committed at another time, in another county.

APPEAL from Warren Circuit Court.

*Affirmed.*

*P. P. Stewart,* for appellant.

*William L. Morsey,* for respondent.

BAKEWELL, J., delivered the opinion of the court.

The record in this cause shows that, at the April term, 1873, of the Circuit Court of Warren county, the appellant was indicted for the offense of grand larceny. At the October term, 1875, of the same court, he was tried on this indictment, and then moved to be discharged, showing a pardon issued to him by the governor of the State. This motion was overruled. Appellant was convicted, and his punishment assessed at three years in the penitentiary. A

motion was then filed in arrest. The only ground alleged in support of this motion was this same pardon. The motion was overruled, and the prisoner duly sentenced. To the overruling of these two motions appellant duly excepted, and brings the case here by appeal.

The only action of the court below complained of here is the overruling of these two motions. The pardon of the governor is fully set out. It is dated October 25, 1875, and recites that the governor does release, discharge, and forever set free Browney Hinch, who was, at the October term, 1873, by a judgment of the Circuit Court of Randolph county, sentenced to imprisonment in the State penitentiary for the term of four years, for the crime of grand larceny. It is admitted that Browney Hinch and Virgil Creech are the same person.

Upon what theory counsel for appellant thinks it error for the trial court to refuse to discharge a man indicted for one offense, on production of a pardon for a quite separate and distinct offense, committed at another time, in another county, we are unable to guess. It was certainly no error. The pardon of one specific crime is not a free release from the penal consequences of all other felonies up to the date of the pardon. The judgment of the Circuit Court is affirmed. The other judges concur.